UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

KEVIN L. MARTIN,

Plaintiff,

v.

K. FISHER Deputy Warden,
S. MOODY Caseworker,
EDWARD Prison Guard,
LEFFLER Lt.,
PICKETT Sgt.,
SIMMERMAN Sgt.,
MEJEAN Sgt.,
RIDEN Nurse,
JODOEY Nurse,
SHANIA JONES Grievance Specialist,
GILSTRAP Property Ofc,
GARDEN,
C. COAKLEY Grievance Specialist,
ELKINS Prison Guard,
MOSELEY Caseworker,
GALLION Prison Guard,
M. THOMPSON Mail Room,
A. WALLACE Mail Room,
COAKLEY,

Defendants.

No. 2:25-cv-00278-JPH-MJD

**ORDER SCREENING SECOND AMENDED COMPLAINT, RULING ON PENDING MOTIONS, AND DIRECTING SERVICE OF PROCESS**

Plaintiff Kevin Martin is incarcerated at Wabash Valley Correctional Facility. Mr. Martin's original and first amended complaints were dismissed for failure to comply with Rule 20 of the Federal Rules of Civil Procedure. Dkts. 12, 23. Mr. Martin was allowed to amend one more time. Dkt. 23. He filed his second amended complaint on July 7, 2026. Dkt. 25. Because the plaintiff is a

"prisoner," this Court must screen the second amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Pending Motions

Mr. Martin's objection to the June 18, 2026, Order screening the amended complaint, dkt. [26], is **overruled**. Although Mr. Martin alleges that he did not receive the June 18 Order until July 1, the Court shall consider his second amended complaint, filed one day late, as timely filed.

Mr. Martin's motion to clarify, filed on July 14, alleges that he was denied access to the courts because there was a delay in his receipt of the June 18 Order. As discussed above, Mr. Martin's second amended complaint is deemed timely filed. Therefore, he was not denied access to the court and his motion to clarify, dkt. [27], is **denied.**

Mr. Martin's second motion to clarify, filed on September 10, seeks a copy of the docket sheet. This motion, dkt. [28], is **granted. The clerk** is directed to include a copy of the docket sheet with Mr. Martin's copy of this Order.

Mr. Martin's motion to screen the complaint, dkt. [29], is **granted,** consistent with the issuance of this Order**.**

## II. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

**III. The Second Amended Complaint**

Mr. Martin's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

The complaint names five defendants: 1) Sgt. Mejean; 2) Officer Gilstrap; 3) caseworker Moody; 4) Lt. Leffler; and 5) Warden Allen. Dkt. 25 at 1-2, 9-10. Mr. Martin seeks compensatory and punitive damages.

When Mr. Martin was transferred to Wabash Valley on April 17, 2025, Sgt. Mejean strip searched him and placed him in a dirty cell with mice and bugs. Sgt. Mejean did not provide Mr. Martin a hygiene kit. The next day, Mr. Martin requested soap, toothpaste, toothbrush, deodorant, and shower shoes, from Sgt. Mejean, Officer Gilstrap, caseworker Moody, and Lt. Leffler, but he was denied these hygiene products until May 8. Other inmates laughed at Mr. Martin and said he smelled "like [a] horse." *Id.* at 4. Mr. Martin filed a grievance with Warden Allen about not having his property to shower for 3 weeks.

## IV. Discussion of Claims

Applying the screening standard to the factual allegations in the second amended complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, the claim against Warden Allen is **dismissed for failure to state a claim upon which relief can be granted** because a prison official who merely reviews a grievance cannot, without more, be liable for the conduct forming the basis of the grievance. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017).

Defendants must not deprive an inmate of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The minimal civilized measure of life's necessities includes access to showers and hygiene items such as soap, toothpaste, and cleaning supplies. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *Jaros v. Ill. Dept. of Corrs.*, 684 F.3d 667, 670–71 (7th Cir. 2012). The Eighth Amendment conditions of confinement claims **shall proceed** against defendants Sgt. Mejean, Officer Gilstrap, caseworker Moody, and Lt. Leffler.

This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through November 22, 2026,** in which to file a motion to reconsider the screening order.

## V. Conclusion and Service of Process

The following claims are proceeding in this action: Eighth Amendment conditions of confinement claims against Sgt. Mejean, Officer Gilstrap, caseworker Moody, and Lt. Leffler. All other claims have been dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Sgt. Mejean, Officer Gilstrap, caseworker Moody, and Lt. Leffler in the manner specified by Rule 4(d). Process shall consist of the second amended complaint filed on July 7, 2026, dkt. [25], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The **clerk is directed** to terminate all defendants **except** Sgt. Mejean, Officer Gilstrap, caseworker Moody, and Lt. Leffler on the docket.

**The clerk** is directed to include a copy of the docket sheet with Mr. Martin's copy of this Order.

**SO ORDERED.**

Date: 10/23/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:
Sgt. Mejean
Officer Gilstrap
caseworker Moody
Lt. Leffler
(All at Wabash Valley Correctional Facility)

KEVIN L. MARTIN
169789
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838